UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:12-cr-0133-SEB-TAB-24 |
| GREGORY HART, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 6, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on January 13, 2015. Defendant Hart appeared in person with his appointed counsel, Mike Donahoe. The government appeared by Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Shelly McKee.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Hart of his rights and provided him with a copy of the petition. Defendant Hart waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Hart admitted the violations. [Docket No. 1476.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 2 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On November 25, 2014, the day Mr. Hart reported to the Residential Re-Entry Center at Volunteers of America, he provided a urine specimen which tested positive for marijuana. A subsequent drug screen collected on December 1, 2014, yielded negative results.

As previously reported to the Court, on July 9, and August 13, 2014, Mr. Hart provided urine specimens which tested positive for marijuana, which he admitted using.

| | |
|---|---|
| 4 | **"If this judgment imposes a fine or restitution, it is a condition of probation/supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."** |

Mr. Hart has failed to remit any payments toward the special assessment fee. The balance remains $100.

| | |
|---|---|
| 5 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse testing and/or treatment in accordance with his ability to pay."** |

On October 29, November 5, 12, and 16, 2014, Mr. Hart failed to report for scheduled drug screens. On October 27, November 10, and 24, 2014, Mr. Hart failed to attend scheduled substance abuse counseling appointments.

As previously reported to the Court, Mr. Hart failed to report for scheduled drug screens on August 27, 30, September 6, 8, 10, 17, 22, and October 1, 4, 8, and 15, 2014. He has also failed to attend scheduled substance abuse counseling appointments on September 8, 23, and October 13, 2014.

| 6 | **"The defendant shall reside for a period of 180 days months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |
|---|---|

            On January 11, 2015, at approximately 8:50 a.m., Mr. Hart left the Residential Re-Entry Center (Volunteers of America) without permission and failed to return to the facility. As such, his current whereabouts is unknown.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

5. The parties jointly recommended a sentence of six (6) months. Parties argued to the issue of self-surrender or immediate custody.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of six (6) months, with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 2/9/2015

_(signed)_
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal